MEMORANDUM *
Shirlene Balachandran, a native and citizen of Sri Lanka, petitions for review of the Board of Immigration Appeals’ (“BIA”) August 8, 2006, dismissal of an appeal from the Immigration Judge’s (“IJ”) denial of her motion to reopen. She also petitions for review of the BIA’s June 26, 2007, denial of her motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(5). See Toufighi v. Mukasey, 538 F.3d 988, 990 (9th Cir.2008). We deny each of the petitions for review.
1. The BIA did not abuse its discretion in its August 8, 2006, decision because the evidence Balachandran submitted in support of her motion to reopen did not establish that “circumstances have changed sufficiently [such] that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.” See Malty v. Ashcroft, 381 F.3d 942, 945 (9th Cir.2004). Although Balachandran presented evidence of escalated violence in Sri Lanka and evidence that Mr. Pararajasingham, a Sri Lankan politician who was her husband’s cousin and close friend, was murdered, the new evidence did not demonstrate that Balachandran herself was objectively subject to future persecution. The evidence demonstrated that most of the violence was in the eastern portion of the country and that Balachandran’s similarly situated family remained in Columbo, Sri Lanka, without harm. In light of the evidence, the BIA reasonably concluded that Balachandran “failed to present any additional information evidencing that she would be at risk of persecution either because of her ethnicity or because of her connection to Mr. Pararajasingham .... ” See Cuadras v. INS, 910 F.2d 567, 571 n. 2 (9th Cir.1990) (noting that the court may “consider evidence that [petitioner] could avoid the geographical source of his danger when it reviews the BIA’s determinations as to ‘well-founded fear’ of persecution”); Khourassany v. INS, 208 F.3d 1096, 1101 (9th Cir.2000) (finding no well-founded fear of future persecution when petitioner’s similarly situated family continued to live in the home country without harm).
2. The BIA also did not abuse its discretion in denying Balachandran’s sec *736 ond motion to reopen as untimely. See 8 C.F.R. § 1003.2(c)(2). Balachandran failed to assert any changed country conditions that might excuse her untimeliness. 8 C.F.R. § 1003.23(b)(4)(i). Moreover, she cannot assert the doctrine of equitable tolling to excuse her untimeliness because she fails to demonstrate any deception, fraud, or error. See Iturribarria v. INS, 321 F.3d 889, 897-98 (9th Cir.2003). We lack jurisdiction to review the BIA’s discretionary decision not to reopen the matter sua sponte. 8 U.S.C. § 1252(a)(2)(B)(ii).
PETITIONS DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.